UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALEXANDER KATES,

                         Plaintiff,

             v.

STATE OF NEW YORK,

                         Defendant.

_____

DECISION AND ORDER

23-CV-6426DGL

         Pro se plaintiff Alexander Kates ("plaintiff") brings this action under 42 U.S.C. §1983 ("Section 1983"), challenging his 2011 conviction in Monroe County Court for attempted criminal possession of a weapon in the second degree, following plaintiff's entry of a guilty plea. Plaintiff requests, *inter alia*, that his conviction be declared unconstitutional and invalid.[1] On October 11, 2023, the Court issued an Order to Show Cause why the complaint, which was filed approximately 12 years after the conviction at issue, should not be dismissed as time-barred. (Dkt. #3).

         Plaintiff has timely and articulately responded to the Order to Show Cause (Dkt. #9, #10, #11). Nonetheless, for the reasons that follow, the Court finds that plaintiff has failed to

---

[1] Plaintiff has previously attempted, three times, to challenge the same conviction. In 2019, plaintiff filed an action challenging a subsequent and unrelated conviction under 42 U.S.C. §1983: when he moved, as part of that action, to also vacate the 2011 conviction, the Court denied that motion, because the 2011 conviction was unrelated to the substantive claims in that case, and "actions under section 1983 . . . are not proper vehicles to overturn a state-court criminal conviction." *Kates v. Waye*, 16-CV-6554, Dkt. #38 at 2. In 2020 (20-CV-6593), plaintiff sought a writ of habeas corpus relative to the 2011 conviction: that petition was dismissed for lack of jurisdiction because he was no longer in custody at the time the action was filed. *See Kates v. New York State*, 2021 U.S. Dist. LEXIS 83434 (W.D.N.Y. 2021). In a third habeas corpus action, filed in 2021 to challenge a separate conviction, plaintiff again alleged that the 2011 conviction has been unconstitutional, which the Court again rejected, based on the fact that he was no longer in custody. *Kates v. Superintendent of the Attica Corr. Facility*, 2023 U.S. Dist. LEXIS 149347 at *49 (W.D.N.Y. 2023).

demonstrate good cause why the matter should not be dismissed as time-barred, and accordingly, determines that it must be dismissed.

## DISCUSSION

Initially, plaintiff argues that the statute of limitations should be tolled because, inter alia: (1) the three-year statute of limitations did not allow him sufficient time to exhaust his state remedies, file a petition for habeas corpus relief, and receive a disposition of that petition, before proceeding to a Section 1983 action; and (2) the statute of limitations on his Section 1983 claims premised on a wrongful conviction cannot being to run until his sentence on that conviction is invalidated, and since the conviction has never been invalidated, his instant claims are, if anything, premature rather than late; and (3) the statute of limitations should be tolled, because plaintiff was induced by fraud, misrepresentation, and/or ineffective assistance on the part of the state court judge, Monroe County District attorney, and other state actors, from filing a timely action.

In evaluating a complaint, the Court must accept all factual allegations as true and draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Here, plaintiff alleges a number of constitutional infractions relative to his 2011 conviction, including that: (1) the prosecution presented false information to the grand jury with respect to plaintiff's felony status or lack thereof; (2) plaintiff's guilty plea was not knowing and voluntary, and/or was made on the basis of poor legal advice from his counsel; (3) plaintiff's counsel failed to properly challenge the application of certain state laws to plaintiff's charges; (4) plaintiff did not learn until August 2018 that his attorney had failed to file a notice of appeal as plaintiff had asked; and (5) plaintiff did not become aware of sufficient facts to permit him to recognize that his counsel and the trial court had provided poor legal advice and/or misapplied relevant legal standards, until November 2018. (Dkt. #9, #11).

Furthermore, federal courts are bound to borrow New York State's rules for tolling the statute of limitations, where they are not inconsistent with federal law. *See Board of Regents of Univ. of State of New York v. Tomaino*, 446 U.S. 478, 487-91 (1980). In New York, tolling is permitted where: (1) the commencement of an action was stayed by court order or statute; (2) a dispute that was submitted to arbitration is later found to be nonarbitrable; (3) the defendant is outside the state of New York at and after the time the claim accrues; and/or (4) the plaintiff is disabled by infancy or insanity at and after the time the claim accrues. *See* N.Y. CPLR §§204, 207, 208.

The statute of limitations for Section 1983 claims is three years. *See Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990); N.Y. CPLR §214(2). Plaintiff's complaint, which was filed in state court (and thereafter removed) on or about July 1, 2023 – twelve years after the 2011 conviction it seeks to challenge – is manifestly untimely, and plaintiff has not set forth any proper reason for tolling. Statutes of limitation have a purpose: there must be an end to litigation at some point.

Plaintiff has not plausibly alleged any basis for tolling the statute of limitations under New York law. Even assuming *arguendo* that the Court were to determine that plaintiff was, as he claims, prevented by means of fraud or deception from learning of the existence of his instant claim until November 2018, such that the statute of limitations should be equitably tolled until that time, his claims would still be time-barred, as the complaint was not filed until July 2023, nearly five years after plaintiff avers that he learned of the factual basis for his claims.[2]

---

[2] As the Court previously noted, it is unclear in these circumstances whether plaintiff's Section 1983 claim would also be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a claim for money damages is not cognizable under Section 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction, unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . ., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted).

I have considered the remainder of plaintiff's arguments, including his claim that the pendency of myriad other legal challenges prevented him from pursuing his instant claims in a timely manner, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that plaintiff's claims are time-barred, and that plaintiff has failed to show cause why his untimely claims should not be dismissed. The complaint is hereby dismissed, in its entirety, with prejudice. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 27, 2024.

---

Recent cases in this Circuit appear to carve out an exception to *Heck*, and hold that an individual who seeks to challenge an allegedly unconstitutional conviction or incarceration, but is no longer "in custody" for purposes of 28 U.S.C. §2554 and therefore has no access to federal habeas relief, might instead pursue a Section 1983 claim. *See generally Wiggins v. Mellia*, 2023 U.S. App. LEXIS 25389 at *4 (2d Cir. 2023)("[t]here is…a narrow exception to the *Heck* bar that permits a §1983 suit where federal habeas relief is unavailable); *Jenkins v. Haubert*, 179 F.3d 19, 21 (2d Cir. 1999)(*Heck* bar does not apply to a §1983 claim regarding conditions of confinement where the prisoner could not have challenged them through a habeas petition). At the same time, it remains an open question whether an individual who intentionally defaults upon federal habeas corpus claims by failing to pursue them until after he is no longer "in custody," may lay claim to that exception. *See Opperisano v. Jones*, 286 F. Supp. 3d 450, 459-60 (E.D.N.Y. 2018)("what *does* remain an open question, even in this Circuit, is . . . whether *Heck* bars 1983 suits when the plaintiff has intentionally defaulted his habeas claims")(quoting *Teichmann v. New York*, 769 F.3d 821, 830 (2d Cir. 2014)(Calabresi, J., concurring)).

Because I find that plaintiff's claims are subject to dismissal on timeliness grounds in any event, the Court does not reach the question of whether and to what extent the *Heck* bar applies here. *See Teichmann*, 769 F.3d 821 at 829 (Calabresi, J. concurring)(when *Heck* questions can be disposed of based on well-settled principles upon which there is broad agreement … it is generally desirable for…district courts to decide them on these non-*Heck* grounds").